# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3618 | **DATE** | 11/15/2001 |
| **CASE TITLE** | Mieling vs. Norkar Technologies, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    The Court grants Bokar's motion for partial dismissal [13-1], and declines to exercise jurisdiction over Mieling's claim for declaratory relief to determine inventorship of the subject of Bokar's April 5, 2001 patent application.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | NOV 19 2001 date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 NOV 16 PM 4:30 | |
| mm | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

Document Number: 23

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES A. MIELING, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 3618 |
| ) | |
| v. ) | Judge Ruben Castillo |
| ) | |
| NORKAR TECHNOLOGIES, INC., ) | |
| an Illinois corporation, CHARLES BOKAR, ) | |
| and JOHN NORMAN, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
NOV 1 9 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff James A. Mieling filed a complaint against Defendants Norkar Technologies, Inc. ("Norkar"), Charles Bokar and John Norman, alleging patent infringement under the Patent Act, 35 U.S.C. § 1 *et seq.*, and seeking declaratory, injunctive and monetary relief. Currently before the Court is Defendant Charles Bokar's motion for partial dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated herein, Bokar's motion for partial dismissal is granted.

## RELEVANT FACTS[1]

During the late 1980s and 1990s, the U.S. Patent and Trademark Office ("PTO") issued four wheel alignment patents (collectively "Patents") to James A. Mieling. In January 1994, Mieling entered into a License Agreement with Norkar, by its officer Charles Bokar, to manufacture, use and sell the wheel aligning method and apparatus described in the Patents ("Licensed Product"). In return, Mieling was to receive a percentage of the gross sales price of

---

[1] We include only those facts relevant to Defendant Bokar and the instant motion.

the Licensed Product. Mieling asserts that Bokar has failed to pay fees under the License Agreement since at least January 1, 2000 and, accordingly, Mieling terminated the License Agreement on August 25, 2000. Bokar denies breaching the License Agreement and argues that Norkar's license is still in force. Furthermore, Mieling alleges that Bokar filed a provisional U.S. patent application on or about February 23, 2001 and a regular U.S. patent application on April 5, 2001, falsely claiming that he was the inventor of the claims therein.[2] Mieling claims that he is the true inventor of the claims in the April 5, 2001 patent application.

In addition to injunctive relief against the alleged infringement and damages, Mieling seeks declaratory relief. Specifically relevant to this motion, Mieling seeks a declaration that he is the inventor of the claims made by Defendants in their patent applications, including the April 5, 2001 patent application, and that, therefore, Defendants should be ordered to abandon their patent applications. In its motion for partial dismissal, Bokar argues that this Court lacks subject matter jurisdiction to determine the inventor of the claims in the April 5, 2001 patent application and argues that the jurisdiction to determine priority is vested with the PTO.

## ANALYSIS

### I. Legal Standards

Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In reviewing a 12(b)(1) motion, the court must view the facts alleged in the complaint and any inferences therefrom in the light most

---

[2] Both applications were entitled "Accessible Wheel Alignment System Using A Computer." (R. 1, Complaint ¶ 7.)

2

favorable to the plaintiff. *See Cedars Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993).

**II. Subject Matter Jurisdiction**

Bokar asserts that this Court lacks jurisdiction to determine the inventor of the claims in Bokar's April 5, 2001 patent application and that jurisdiction to determine priority resides with the PTO's Board of Appeals and Interferences ("Board"). Bokar argues that the Board should determine inventorship in an interference proceeding under 35 U.S.C. § 135.

In response to Bokar's motion, Mieling alleges that this Court has jurisdiction over all of his claims against Bokar because Mieling has alleged an infringement of "Plaintiff's Patents." (R. 20, Pl.'s Resp. to Mot. for Partial Dismissal at 3.) Mieling, citing *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 695 (Fed. Cir. 1990), argues that a district court is not precluded from resolving non-patent questions in patent suits arising under 28 U.S.C. § 1338(a). We agree with that proposition and will retain jurisdiction over all claims in the suit unrelated to determining priority of the claims in the April 5, 2000 U.S. patent application.[3]

In relation to Mieling's claim for declaratory relief related to the April 5, 2001 patent application, several courts have found that they have jurisdiction to issue a declaratory judgment

---

[3] Mieling properly pleaded patent infringement and obtained jurisdiction under 28 U.S.C. § 1338(a). *See Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 695 (Fed. Cir. 1990) (in determining whether jurisdiction attaches under 28 U.S.C. § 1338(a), the court must focus on "whether the plaintiff actually pleaded the elements required by the patent laws for a patent infringement claim"). The fact that Mieling also seeks declaratory relief – such as confirmation of his ownership of the Patents and the international patent applications, breach of the License Agreement and lawful termination of the License Agreement – does not defeat subject matter jurisdiction under § 1338(a). *See Air Prods. and Chems., Inc., v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1563-64 (Fed. Cir. 1985) (federal district court had 28 U.S.C. § 1338(a) jurisdiction over patent infringement case even though court had to initially decide dispute over licensing agreement); *A.H.J. Vink v. Hendrikus Johannes Schijf*, 838 F.2d 676 (Fed. Cir. 1988) ("[t]hat a non-federal issue (ownership of the patent) must be resolved before the federal issue (infringement) is immaterial in determining whether there is federal jurisdiction").

as to the inventorship of claims in a patent application under 35 U.S.C. § 116.[4] *See Photogen, Inc., v. Wolf*, No. 00 C 5841, 2001 WL 477226, at *2 (N.D. Ill. May 7, 2001) (although plaintiff lacked standing to bring claim, district court has jurisdiction to determine inventorship of claim in pending patent application); *Display Research Labs., Inc., v. Telegen Corp.*, 133 F. Supp. 2d 1170, 1175 (N.D. Cal. 2001) (district court found that it had jurisdiction to determine inventorship of claims in patent application, but declined to exercise jurisdiction); *Heineken Technical Servs. v. Darby*, 103 F. Supp. 2d 476, 477-79 (D. Mass. 2000) (district court exercised jurisdiction to determine inventorship of claim in patent application). Although we agree that we could assume jurisdiction over Mieling's claim for declaratory relief and settle the inventorship of the claims in the April 5, 2001 patent application, we exercise our discretion to decline jurisdiction over this claim. *See Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1217 (7th Cir. 1980) (declaratory judgment jurisdiction is discretionary). The established procedures of the PTO are a more apt vehicle for determining the inventorship of the claims in the April 5, 2001 patent application. *See Display Research Labs.*, 133 F. Supp. 2d at 1175-1176; *Photogen*, 2001 WL 477226, at *3 n.1. The PTO has expertise in resolving inventorship disputes over claims in patent applications. *See Display Research Labs.*, 133 F. Supp. 2d at 1175-76. We undoubtedly have jurisdiction over the claims involving the Patents, but we find that the PTO is a better forum to determine inventorship of the claims in the April 5, 2001 patent application. Therefore, we decline to exercise jurisdiction over Mieling's claim for declaratory relief related to the April 5, 2001 patent application.

## CONCLUSION

For the foregoing reasons, this Court grants Bokar's motion for partial dismissal,

---

[4] Section 116 allows the Director of the PTO to amend a patent application to name the correct inventor of the claims in a patent application. 35 U.S.C. § 116.

4

(R. 13-1), and declines to exercise jurisdiction over Mieling's claim for declaratory relief to determine inventorship of the subject of Bokar's April 5, 2001 patent application.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: November 15, 2001